IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOM BERZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LEGAL TAX DEFENSE, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff brings this action to recover damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. Plaintiff complains that Defendant Legal Tax Defense, Inc. placed numerous telemarketing calls to Plaintiff even though he was on the National Do Not Call Registry, invading his privacy and causing the loss of time and effort.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. The TCPA affords special protections for people who registered their residential phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call after being registered on the National Do Not Call Registry is entitled to recover damages of at least $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

5. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited July 13, 2021). The private right of

enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists under 735 ILCS 5/2-209, in that Defendant has committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

8. Venue in this District is proper for the same reason.

9. The receipt of numerous unwanted telemarketing calls satisfies Article III. *Gadelhak v. AT&T Servs.*, 950 F.3d 458 (7th Cir. 2020)

## PARTIES

10. Plaintiff Tom Berz is a resident of the Northern District of Illinois.

11. Plaintiff has had his cell phone ending in 7386 and his landline ending in 7972 listed on the National Do Not Call Registry since prior to the events described below.

12. The majority of the calls made from and received on these phones are non-business calls. The phones are therefore "residential."

13. Defendant Legal Tax Defense, Inc. is a corporation organized under California law with offices at 3200 Wilshire Blvd., North Tower, #111, Los Angeles, CA 90019, and 14742 Newport Avenue, Suite 207, Tustin, CA 92780. Its registered agent and office is Mike Martin at the Wilshire address.

## FACTS

14. For a number of months, Plaintiff has received multiple calls per day from Defendant Legal Tax Defense, Inc., initially on his cell phone and more recently on his landline phone. On occasion he has received 18 calls per day.

15. Plaintiff has received over 200 calls from Defendant.

16. On some occasions, Plaintiff answers and the caller hangs up.

17. On other occasions, Plaintiff answers or calls back and is offered tax representation services of Legal Tax Defense, Inc., and provided with the callback number 800-804-2769 and the website www.legaltaxdefense.com for further information.

18. The callback number and website belong to Defendant (Exhibit A).

19. Plaintiff did not consent to such calls.

20. Plaintiff did not provide his numbers to Defendant.

21. Plaintiff had no prior business relationship with Defendant.

22. Plaintiff did not initiate contact with Defendant.

23. Unless enjoined, Defendant will continue to place such calls.

24. Defendant's conduct violated the privacy rights of Plaintiff, in that he was subjected to annoying and harassing calls. Defendant's calls intruded upon the rights of Plaintiff to be free from invasion of his interest in seclusion.

25. Defendant Legal Tax Defense, Inc.'s conduct harassed Plaintiff and wasted his time, in that he had to devote energy to answering, addressing and/or otherwise responding to numerous unwanted calls.

## COUNT I – TCPA

26. Plaintiff incorporates paragraphs 1-25.

27. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one phone call "within any 12-month period by or on behalf of the same entity." See 47 U.S.C. §§227(c)(1), (c)(5); 47 C.F.R. §64.1200(c)(ii).

28. Statutory damages for each call placed in violation of the TCPA's restrictions on calling phone numbers registered on the National Do Not Call Registry are $500 per call and up to $1,500 per call if the violation is determined to be willful. See 47 U.S.C. §227(c)(5).

29. In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. See 47 U.S.C. §227(c)(5)(A).

30. By making calls to Plaintiff's phones after his numbers were registered on the National Do Not Call Registry, Defendant Legal Tax Defense, Inc. violated the TCPA, including, but not limited to, 47 U.S.C. §§227(c)(1) and the implementing regulations.

WHEREFORE Plaintiff requests the Court grant the following relief:

    i. Statutory damages of $1500 per call;

    ii. An injunction against further calls;

    iii. Costs;

    iv. Such other or further relief as is proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

31. Plaintiff incorporates paragraphs 1-25.

32. Defendant engaged in unfair acts and practices, in violation of 815 ILCS 505/2, by systematically calling persons whose phone numbers are registered on the National Do Not Call Registry or who have requested that Defendant does not call them.

33. Defendant Legal Tax Defense, Inc. engaged in such practices in the course of trade and commerce.

WHEREFORE Plaintiff requests the Court grant the following relief:

    i. Actual damages;

    ii. Punitive damages;

    iii. An injunction against further calls;

    iv. Attorney's fees, litigation expenses and costs;

    v. Such other or further relief as is proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 6297473)
Stephen J. Pigozzi (ARDC 6331482)
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                  */s/ Daniel A. Edelman*
                                  Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)